IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER ZORN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07cv1048-MEF |
| ) | |
| INTEGON INSURANCE ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION

Pending before the Court is Roger and Vonnie Zorn's Complaint (Doc. #2) and joint Motion to Proceed *In Forma Pauperis* (Doc. #3). On November 30, 2007, this matter was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #5). The Court has reviewed the Complaint and notes that the filing suffers from fatal defects. It is unclear as to the factual and legal basis for Plaintiffs' claims against Defendant Alabama State Bar Disciplinary Commission (the Commission). In particular, they fail to state, with specificity, the wrongful act(s) committed by the Commission. For good cause, it is

ORDERED that Plaintiffs shall file an Amended Complaint which specifically states the wrongful acts committed by the Commission, including the date and place of the wrongdoing, the federal statute or constitutional provision that was violated by each act of wrongdoing, and the specific injury or damage to Plaintiffs as a result of each act of wrongdoing. The "injury" or "damage" should be stated in terms of the consequences to

Plaintiffs and the cost or value of the damage.  The Amended Complaint shall be filed **on or before** January 4, 2008.  The Court **warns** Plaintiffs their failure to comply with this Order will lead the undersigned to recommend to the district judge dismissal of their Complaint for failure to comply with this Court's orders.

With regard to the joint Motion to Proceed *In Forma Pauperis*, the Court observes that Vonnie Zorn failed to provide an affidavit in support of her motion.  Her motion (Doc. #3) is improperly filed under 28 U.S.C. § 1915(a)(1) (2000).[1]

Roger Zorn, however, provided an affidavit in support of his motion.  Upon consideration of the financial information he provided, the Court finds Roger Zorn may appear in forma paueris.  Therefore, it is

ORDERED that motion (Doc. #3) is GRANTED IN PART and DENIED IN PART.  The court wishes Roger Zorn to understand *fully* the limited nature of his proceeding in this case as an indigent plaintiff.  Although this status permits a plaintiff to *commence* this lawsuit without *prepayment* of fees and court costs, it does not permit the plaintiff to maintain the lawsuit without incurring any personal expenses.

The plaintiff should understand that he *may* incur expenses as a result of the

---

[1] Subsection 1915(a)(1) provides that a court may authorize commencement of any suit without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets."  28 U.S.C. § 1915(a)(1).  The provision requires that each person seeking to proceed without prepayment of fees must submit a separate, individual statement of his/her assets.  In other words, although Roger Zorn and Vonnie Zorn appear as joint Plaintiffs in this action, the law requires that both Roger Zorn and Vonnie Zorn file their own financial affidavit on behalf of him- or herself.

prosecution of this case, and there is no provision for the Court's payment of those expenses. For example, if the case goes to trial, the plaintiff may compel the attendance of witnesses through subpoena *only* by tendering to each witness payment of a one-day witness fee of $40, plus mileage. Additionally, court costs, in varying amounts, can be very substantial, and they are normally assessed against the losing party. This means that a plaintiff who loses a case may be charged with, and obligated to pay, *all* court costs, even though the plaintiff is proceeding *in forma pauperis*. Roger Zorn is also reminded that he must *purchase* copies of his deposition and that, if he schedules the deposition of others, he must pay the court reporter's appearance fee for each deposition, and for each copy of a deposition. It is further

**ORDERED that Vonnie Zorn shall have thirty days, or until January 3, 2008, to pay the filing fee or the undersigned will recommend her case be dismissed.** For good cause, it is further

ORDERED that service of this Complaint is **STAYED** pending review under 28 U.S.C. § 1915 (2000).

DONE this 3rd day of December, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE