IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER ZORN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:07cv1048-MEF |
| | ) |
| INTEGON INSURANCE | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION

Pending before the Court is Plaintiffs joint "Motion to Extinction on Amended Complaint," which requests that the Court "allow us (indiget) (*sic*) a need for counsel." The Court construes their motion and request as a Motion to Appoint Counsel.

There is no constitutional right to counsel in a civil matter. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). While the Court may appoint counsel to represent an indigent litigant, 28 U.S.C. § 1915(e)(1) (2000); 42 U.S.C. § 2000e-5(f)(1), it "should appoint counsel only in exceptional circumstances," *Bass*, 170 F.3d at 1320 (citations omitted). The mere fact that Plaintiffs would be aided in their case by counsel, does not amount to exceptional circumstances. *See id*. ("The plaintiffs, like any other litigants, undoubtedly would have been helped by the assistance of a lawyer, but their case is not so unusual that the district court abused its discretion by refusing to appoint counsel."). Therefore, upon consideration of the motion, and for good cause, it is

ORDERED that the Motion to Appoint Counsel (Doc. #9) is DENIED.

DONE this 18th day of December, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE