IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER ZORN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07cv1048-MEF |
| ) | |
| INTEGON INSURANCE ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the undersigned Magistrate Judge upon Plaintiffs' filing of a Complaint. Compl. (Doc. #2) at 1. For the reasons that follow, the undersigned RECOMMENDS the Court DISMISS with prejudice Plaintiffs' federal claims against all named Defendants except the Alabama State Bar Disciplinary Commission (hereinafter the Commission) under 28 U.S.C. § 1915(e)(2)(B) (2000).[1] The undersigned further RECOMMENDS the Court DISMISS with prejudice Plaintiffs' claims against the Commission, as Plaintiffs Vonnie and Roger Zorn (hereinafter the Zorns) have failed to comply with this Court's Order and abandoned those claims. Having recommended the dismissal of the federal claims, the Magistrate Judge further RECOMMENDS that the Court DECLINE to exercise supplemental jurisdiction over the state civil law claims.

---

[1]The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the undersigned RECOMMENDS complete DISMISSAL of the Complaint without any opportunity for amendment and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

The Zorns commenced this action on November 28, 2007. Compl. (Doc. #2). Pursuant to 28 U.S.C. § 636(b)(1), the Honorable Mark E. Fuller, Chief United States District Judge, referred this case to the undersigned for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. Order of November 30, 2007 (Doc. #5). The Magistrate Judge granted the Zorns permission to proceed *in forma pauperis*, but stayed service of process, because it was evident the Complaint suffered from insurmountable defects which warrant dismissal. Order of December 3, 2007 (Doc. #6); Order of December 13, 2007 (Doc. #7).

The Zorns' Complaint - neither sworn nor notarized - asserts a civil rights action under 42 U.S.C. § 1983 for monetary damages and miscellaneous relief. Compl. (Doc. #2) at unnumbered pages 1-2. The Zorns name seven private companies (hereinafter collectively the corporate Defendants), 23 individuals, including two private individuals (hereinafter the Thames'), twelve attorneys, and nine doctors, as well as the State of Alabama Office of Attorney General[2] and the Commission as Defendants. Compl. (Doc.

---

[2]The Court, however, finds no affirmative claims asserted against the State of Alabama Office of Attorney General. Regardless of that point, the Office of Attorney General is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).

#2) at unnumbered page 1.[3]

Liberally construing the Complaint, and as best the Court can discern from that pleading and its attachments, the Zorns allege all named Defendants violated their constitutional rights to due process under the Fourteenth Amendment. Compl. (Doc. #2)

---

[3]In one document attached to the Complaint, the Zorns generally claim P. B. McLaughlin, Judge, Circuit Court of Geneva County, Alabama (hereinafter Judge McLaughlin), abused his discretion in this matter and his performance was unprofessional and neglectful. Compl. (Doc. #2-2) at unnumbered page 14. They further assert Judge McLaughlin violated their rights to due process by failing to "step[] in" (or force) the Zorns' counsel to sue certain automobile insurance companies. Compl. (Doc. #2-10) at unnumbered page 4. To the extent the Zorns have named Judge McLaughlin as a Defendant in this action, he is entitled to absolute immunity from suit under 42 U.S.C. § 1983. See Scott v. Hayes, 719 F.2d 1562, 1567 (11th Cir. 1984) (finding that a judge performing judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under Section 1983).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Scott v. Hayes, 719 F.2d 1562, 1565 (11th Cir. 1983). Moreover, the Eleventh Circuit has explicitly rejected the use of § 1983 as a device for collateral review of state court judgments. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Thus, this Court will not review whether the judge's inactions were proper, but rather, whether his omission constituted a judicial activity. Compl. (Doc. #2-10) at unnumbered page 4; Sibley v. Lando, 437 F.3d at 1071.

Judge McLaughlin presided over the prior lawsuit in the Circuit Court of Geneva County. Not forcing counsel to add parties to the lawsuit is a typical function performed by judges. See Ala. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.") (emphasis added). Therefore, Judge McLaughlin was acting in his judicial capacity and entitled to judicial immunity. The Zorns' claims against him are due dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

at 2.  They also allege all Defendants violated Article I of the Alabama Constitution, including, in particular, section 2 through "deliberate indifference and [p]ure negligence." Compl. (Doc. #2) at unnumbered page 1.  The Zorns' Complaint alleges their rights were violated on August 3, 1998, the date in which they appear to have been involved in a traffic accident.  Id.; see also Compl. (Doc. #2-2) at 1.

A review of the 13 attachments included with the Complaint, nevertheless, reveals the Zorns previously sued Defendant Christopher Thames, the driver of the other vehicle, in 2000 in the Circuit Court of Geneva County, Alabama.  See Compl. (Doc. #2-2) at unnumbered pages 2-3.  From the commencement of that previous case through November 30, 2005, the date in which an order issued dismissing the lawsuit pursuant to a joint stipulation of dismissal, it appears the Zorns had attempted to or retained counsel to represent them.  Compl. (Doc. #2-2) at unnumbered page 3.  They sought out new or switched counsel several times during that time period, because Defendants James R. Green (Green), Michael S. Burtt (Burtt), David W. Rousseau (Rousseau), Michael Gamble (Gamble), and Lee Wendell Loder (Loder), Cory H. Driggers (Driggers), Harry Samuel Prim III (Prim), James Wynton Kelly (Kelly), Henry F. Lee III (Lee), Earle Farley Moody, II (Moody), and Craig Bryant Morris (Morris), in their opinion, ineffectively represented them.  Id. at unnumbered pages 7-10, 13; see also Exh. A (Doc. #2-3) at unnumbered page 2; Exh. B (Doc. #2-4); Exh. C (Doc. #2-5); Exh. F1(Doc. #2-8) at unnumbered pages 24-26, 28, 36-37, 40-41, 50-51, 54-55, 62-63, 66-68, 77-80, 82-83, 89-90, ; Exh. F2 (Doc. #2-9) at 18-19, 22-23, 37-38, 41-42, 44-46, 65-68, 83-84, 87-88.  The

actions or omissions which the Zorns claim deemed those attorneys ineffective occurred prior to or during the previous suit's successful mediation. See Exh. A-C (Doc. #2-3, #2-4, #2-5); Compl. (Doc. #2-2) at unnumbered pages 4-10, 12-13. No date is provided, however, for the mediation. They also claim Loder, Driggers, Prim, Kelly, Morris, Green, and Burtt conspired with Lee and Auto Owners Insurance Company to accept a "big pay-off." Exh. F1 (Doc. #2-8) at unnumbered pages 30, 42, 55, 68-69, 80-81, 90; Exh. F2 (Doc. #2-9) at 47, 62, 69, 88-90.

Between December 20, 2004, and December 29, 2006, the Zorns filed complaints with the Commission against Defendants Gamble, Rousseau, Morris, Moody, Driggers, Loder, Lee, Prim, Green, Burtt and Kelly for ethical violations. See Exh. F1-F2 (Doc. #2-8, #2-9); Compl. (Doc. #2-2) at unnumbered page 13. The Zorns also filed a complaint against Driggers, Prim, Kelly, and Lee with the Consumer Affairs Section of the State of Alabama's Office of the Attorney General on January 3, 2005; another complaint against Morris, Burtt, Rousseau and Defendant Attorney Barbara Wade (Wade) was filed on December 29, 2006. Exh. F1 (Doc. #2-8) at unnumbered pages 4-5, 36-37; Exh. F1 (Doc. #2-8) at 50-51, 62-63, 75-76; Exh. F2 (Doc. #2-9) at 28-29, 59-60, 83-84. No complaint with either agency was successful. Compl. (Doc. #2-2) at unnumbered page 13. On July 25, 2006, the Zorns received a letter from Wade in Rousseau's office instructing them to contact the law office and retrieve a settlement check. Exh. F1 (Doc. #2-8) at unnumbered page 21.

Without reference to time, the Zorns further claim Microspine refused to provide

Roger Zorn further treatment because he had an outstanding bill. Exh. E (Doc. #2-7) at unnumbered page 2. They also – again without reference to time – claim Robert Ignasick, M.D., ceased prescribing Roger Zorn medication. Exh. D (Doc. #2-6) at unnumbered page 2.

Because the Zorns proceed *in forma pauperis*, subsection 1915(e)(2)(B) obligates the Court to dismiss a case at any time if it determines that the action or appeal is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Harris v. Menendez, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327(1989); see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II.    DISCUSSION[4]

### A.    Federal Claims against Attorneys Green, Burtt, Rousseau, Gamble, Loder, Driggers, Prim, Kelly, Lee, Moody, and Morris

The Zorns claim their Fourteenth Amendment right to due process was violated because Attorneys Green, Burtt, Rousseau, Gamble, Loder, Driggers, Prim, Kelly, Lee, Moody, and Morris ineffectively represented them during the pendency of the lawsuit in the Circuit Court of Geneva County.  In effect, the Zorns assume they have a protected right to competent representation in that lawsuit.  Simply stated, however, "there is no constitutional or statutory right to effective assistance of counsel in a civil case." Mekdeci By and Through Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522 (11th Cir. 1983) (quoting Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1981)); see also United States v. White, 589 F.2d 1283, 1285 n. 4 (5th Cir. 1979); United States v. Rogers, 534 F.2d 1134, 1135 (5th Cir. 1976), cert. denied, 429 U.S. 940 (1976); In Re Grand Jury Matter, 682 F.2d 61, 66 (3d Cir. 1982); Kushner v. Winterthur Swiss Insurance Co., 620 F.2d 404, 408 (3d Cir. 1980).  The Sixth Amendment standards for effective counsel in criminal cases do not apply in the civil context.  Id. at 1523 (citing White, 589 F.2d at 1285 n. 4; Rogers, 534 F.2d at 1135; Watson, 619 F.2d at 776).  Because the Zorns' claims in this lawsuit against Attorneys Green, Burtt, Rousseau, Gamble, Loder, Driggers,

---

[4]To the extent the Zorns attempt to raise claims challenging events occurring before November 28, 2005, those claims are barred by the statute of limitations.  See Dukes v. Smitherman, 32 F.3d 535, 537 (11th Cir. 1994).  Because the Complaint does not set forth the dates clearly in which the Zorns' allege constitutional violations beginning on and after November 28, 2005, the Court will not look to this doctrine to dismiss the Complaint.

Prim, Kelly, Lee, Moody, and Morris implicate no federal constitutional or statutory right, their § 1983 claims necessarily fail.

### B. Federal Claims against the Thames' the Doctors, and the corporate Defendants

The undersigned also concludes dismissal of the Zorns' federal claims against the Thames,' doctors, and corporate Defendants is appropriate, as the Zorns have failed to show those Defendants acted under color of state law–a jurisdictional requisite for a section 1983 action. A claim for relief under 42 U.S.C. § 1983 must contain two essential elements. "[A] plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256 (11th Cir. 2005) (emphasis added) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Defendants acting under color of state law are "clothed with the authority of state law," West, 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). Put differently, to act under color of state law within the meaning of § 1983, the private party must act either jointly or with or through a state actor. Id. (citing Tower v. Glover, 467 U.S. 914, 920 (1984); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)). Accordingly, "[o]nly in rare circumstances will a private party be viewed as a state actor for § 1983 purposes." Schultz, 174 Fed. Appx. at 538.

In their Complaint, the Zorns did not allege any action which the Thames', doctors, and corporate Defendants took through or with a state actor. Rather, they baldly assert a § 1983 claim against these Defendants. The Zorns have therefore failed to

establish a sufficient nexus between the Thames', doctors, and corporate Defendants and any state actor. See Schultz, 174 Fed. Appx. at 538 (finding that plaintiff failed to establish a sufficient nexus between the private attorney and the state defendants because the attorney was not present during the execution of an injunction–the event from which plaintiff's § 1983 claims arose). Moreover, the Zorns have not even alleged the Thames', doctors, and corporate Defendants are state actors. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (citations omitted). Therefore, this Court does not have subject matter jurisdiction over the Zorns' 42 U.S.C. § 1983 claims against the Thames', doctors, and corporate Defendants and dismisses those claims. Nail v. Cmty. Action Agency of Calhoun County, 805 F.2d 1500, 1501 (11th Cir. 1986).

    **C.**    **Federal Claims Against the Commission**

Following the Court's initial review this matter, it issued an Order informing the Zorns' their Complaint suffered from fatal defects. Order of December 3, 2007 (Doc. #6). The Order indicated it was unclear as to the factual and legal basis for Plaintiffs' claims against the Commission. Id. In particular, the Court observed the Zorns' failed to state, with specificity, the wrongful act(s) committed by the Commission. Id. Consequently, the Court ordered the Zorns to file an Amended Complaint which specifically states the wrongful acts committed by the Commission, including the date and place of the wrongdoing, the federal statute or constitutional provision that was

violated by each act of wrongdoing, and the specific injury or damage to the Zorns as a result of each act of wrongdoing. Id. The Court directed the Zorns that the "injury" or "damage" should be stated in terms of the consequences to them and the cost or value of the damage. Id. Moreover, the Court instructed the Zorns to file the Amended Complaint on or before January 4, 2008. Id. The Court expressly warned the Zorns that their failure to comply with the Order would lead the undersigned to recommend to the district judge dismissal of their Complaint for failure to comply with this Court's orders.

To date, the Zorns have not filed a response to this Order, which equates to a complete failure to comply with this Court's Orders. Order of December 3, 2007 (Doc. #6). The Court can only infer from their failure to file a response that the Zorns do not wish to pursue their case further and have abandoned their claims against the Commission. Accordingly, the undersigned finds the Zorns' federal claims against the Commission should be dismissed with prejudice for their failure to comply with this Court's Order and their abandonment of those claims.

**D.    State Law Claims Against All Defendants**

To the extent the Zorns allege state law claims, the undersigned also dismisses those contentions. If the federal claims over which the court has original jurisdiction are dismissed, the court may decline to exercise jurisdiction over state law claims. See 28 U.S.C. § 1367(c)(3); McCulloch v. PNC Bank, Inc., 298 F.3d 1217, 1227 (11th Cir. 2002). In view of this Court's decision to dismiss the Zorns' federal claims, the

undersigned declines to exercise jurisdiction over the Zorns' supplemental state law claims and dismisses those claims.  Id.

### III.   CONCLUSION

For the reasons discussed above, the Court DISMISSES *with prejudice* the Zorns' federal claims against all named Defendants except the Commission as time barred.  The Court also dismisses the Zorns' federal claims against the Commission for failure to comply with the Court's Order and abandonment of those claims.  Having dismissed the federal claims, the Court DECLINES to exercise supplemental jurisdiction over the state civil law claims.  Accordingly, the Court DISMISSES the Complaint without any opportunity for amendment and prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before January 31, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the

District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE this 18th day of January, 2008.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE